# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1603001327 |
| | ) | |
| ADAM JABLONSKI, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  May 28, 2020
Date Decided:  June 17, 2020

## ORDER

Upon consideration of Defendant's Third Motion for Sentence Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    On September 28, 2016, Defendant pled guilty to Criminally Negligent Homicide and Possession of a Firearm by a Person Prohibited ("PFBPP").[1]  By Order dated March 2, 2017, effective February 29, 2016, Defendant was sentenced as follows:   for Criminally Negligent Homicide, 8 years at Level V, suspended after 8 months, for 6 months at supervision Level IV (DOC Discretion), followed by 18 months at supervision Level III; for PFBPP, 8 years at Level V, suspended after 1 year, for 1 year at supervision Level II.[2]

---

[1] IN16-03-0699-I: Criminally Negligent Homicide; IN16-02-1057: PFBPP PABPP.
[2] D.I. 6.

2.     On July 25, 2019, Defendant was found in violation of probation ("VOP") on this probation, and was resentenced as follows: for VOP Criminally Negligent Homicide, VN16-03-0699-01, 7 years 3 months 12 days at Level V, suspended after 90 days, for 6 months supervision Level IV Work Release, followed by 1 year at supervision level III; for VOP PFBPP, VN16-02-1057-01, 7 years at Level V, suspended after 90 days, for 1 year at supervision Level III.[3]

3.     On May 8, 2020, upon motion by Defendant and without opposition from the State, the Court modified Defendant's VOP Criminally Negligent Homicide sentence from 6 months at Level IV Work Release to 6 months at Level IV (DOC Discretion).[4]

4.     On May 28, 2020, Defendant filed the instant Motion, now asking the Court to suspend his Level IV (DOC Discretion) sentence and allow him to begin the Level III portion of sentence.[5]   In support of his Motion, Defendant cites his vulnerability to COVID-19, his pending employment upon release, his successful competition of multiple rehabilitative programs, and his desire to return to his family.[6]

---

[3] D.I. 14.

[4] D.I. 20.   All remaining terms and conditions of Defendant's sentences remain the same.   *See* D.I. 22.

[5] D.I. 21.

[6] *Id.*   In his Motion, Defendant asserts that he has successfully completed the following programs: Project New Start, Alternatives to Violence, Thresholds, and Lifeskills.   The Court notes that Defendant cited similar support to modify his sentence in his May 4, 2020 Motion for Modification of Sentence, which the Court considered in its May 8, 2020 Order.   *See* D.I. 17, 20.

5.     Superior Court Criminal Rule 35 governs motions for modification of sentence.   Under Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[7]   The Court will not consider repetitive requests for reduction or modification of sentence.[8]

6.     Although Defendant's Motion is not time-barred because he seeks to modify the Level IV portion of his sentence, the Motion is procedurally barred due to its repetitive nature.   This is Defendant's third request to modify his sentence under Rule 35(b).[9]   In addition, the Court has already modified Defendant's sentence once.[10]

7.     The Court finds that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Third Motion for Sentence Modification is **DENIED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary:
cc:     Adam Jablonski (SBI# 00720360)
         Annemarie H. Puit, DAG

---

[7]  Super. Ct. Crim. R. 35(b).
[8]  *Id.*
[9]  *See* D.I. 15, 17, 21.
[10]  *See* D.I. 22.